# EXHIBIT 1

# EXHIBIT 1

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

January 09 2024 12:24 PM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 24-2-05174-6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF PIERCE

Culver, Jakeh Paul
Plaintiff, Pro Se.

v.

3M Company,
Defendant.

---

COMPLAINT

## I. INTRODUCTION

Plaintiff, Jakeh Paul Culver, hereby submits this Complaint against Defendant, 3M Company, and states the following is true and correct to the best of Plaintiff's knowledge, information, and belief. Plaintiff is representing themselves in this matter pro se.

## II. JURISDICTION AND VENUE

1. Plaintiff, Jakeh Paul Culver, is an individual who resides at 21916 78th AVE E, Graham, WA 98338, in Pierce County, Washington.

2. At all times relevant to this complaint, Plaintiff was employed by Defendant, 3M Company and performed their work duties remotely from Pierce County, Washington.

3. Defendant, 3M Company, is a diversified technology company. Incorporated under the laws of the state of Delaware, with its principal place of business located at 2501 Hudson Rd, Saint Paul, Minnesota 55144. 3M is a multinational conglomerate corporation operating in various fields, including but not limited to, consumer goods, health care, worker safety, and industry, and is engaged in business activities that directly affect commerce within Pierce County, Washington.

4. The events giving rise to this action occurred within Pierce County, Washington, as Plaintiff was employed and worked remotely from this location.

5. This Court has jurisdiction over this matter pursuant to the laws of the State of Washington, and venue is proper in this Court because the events giving rise to these claims occurred in Pierce County, Washington.

III. BACKGROUND OF THE CLAIM

1. Employment History
   - Plaintiff commenced employment with Defendant, 3M Company, on April 1, 2013, as a Territory Sales Representative. On January 1, 2017, Plaintiff was promoted to the position of Global Product Marketing Manager, serving in this capacity until termination by layoff on June 30, 2023.

2. Non-Compete Agreement
   - On April 1, 2013, upon commencing employment, Plaintiff signed an Employee Agreement containing a Non-Compete Covenant. This agreement enforced a two-year post-termination restriction without geographic limitation and defined competition as involvement with "conflicting organizations."

3. Termination and Post-Termination Events
   - Plaintiff's employment was terminated as part of a 10% workforce reduction of 6,000 employees. Concurrently, Plaintiff was presented with a Severance Package Agreement which, in part, served to enforce the Employee Agreement. Additionally, Defendant sent a letter to Plaintiff which reiterated obligations under the Employee Agreement, further compelling Plaintiff to comply with the Employee Agreement.

4. Dispute of Pay Continuation
   - Plaintiff, after becoming aware of rights under Washington State law, sought unconditional pay continuation from Defendant on September 27, 2023. Following Defendant's disagreement with Plaintiff's interpretation of the law, communications were cut off by the Defendant. On October 16th, Defendant received a certified letter from Plaintiff again asserting legal rights for compensation under said law.

5. Defendant Response and Plaintiff's Position
   - On November 3, 2023, Plaintiff received an email containing a Letter and a new Agreement proposal from Defendant, offering release from the Non-Compete Covenant and a "goodwill gesture" payment of ▮▮▮▮▮▮ to be paid as wages. The Agreement proposal included several conditions involving releases of liability, broad waivers of rights, and legal indemnifications exceeding reasonable consideration. Plaintiff contends that the compensation owed is greater than double the Defendant's offer. Despite Plaintiff's good-faith efforts to settle the matter by way of continued discussions and negotiation, the Defendant again ceased all communications. Upon receiving an additional certified Demand Letter from Plaintiff, Defendant re-opened negotiations, offering ▮▮▮▮▮▮ and no concessions on settlement terms.

6. Legal Basis for the Claim
   - Plaintiff asserts that the Non-Compete Covenant is being enforced and that Defendant has, and is continuing to, willfully withhold Plaintiff's wages owed in violation of Washington State law.

7. Non-Compete Enforced
  - Plaintiff asserts that Defendant, by requiring adherence to the Employee Agreement, as stated in the fully executed Severance Package Agreement and the Reminder Letter, has actively enforced the Non-Compete Covenant.

IV. LEGAL CLAIMS

1. Violation of Washington State Non-Compete Law
  - Plaintiff asserts that Defendant's failure to pay Plaintiff's full salary while enforcing the Non-Compete Covenant violates Washington State law (RCW 49.62.020).

2. Unjust Enrichment
  - Plaintiff claims Defendant has been unjustly enriched by enforcing the Non-Compete Covenant without providing the requisite full salary compensation.

V. DAMAGES

1. Gross Claim Amount
  - As of January 9, 2024, the gross claim amount is not less than $74,833.

2. Additional Accruals and Penalties
  - Any additional amounts accruing due to the passage of time during claim proceedings or additional relief granted will be calculated by the court and added to the final total amount owed to Plaintiff.

VI. PRAYER FOR RELIEF

1. Pay Continuation
  - Plaintiff demands pay continuation as required by Washington State law, based on the total compensation package in place at the time of termination due to layoff.

2. Back Pay
  - Plaintiff seeks financial remuneration for amounts unlawfully withheld since July 1st, 2023.

3. Tax Liability Acceptance
  - Plaintiff demands Defendant ensures compliance with all tax laws and indemnifies Plaintiff from any liability arising from Defendant's unlawful withholding of wages.

4. Payment of Interest
  - Plaintiff seeks interest on unpaid amounts, calculated at the average Federal Reserve interest rate calculated from July 1st, 2023.

VII. LEGAL REPRESENTATION

The Plaintiff, Jakeh Paul Culver, hereby states that they are representing themselves in this legal matter. The Plaintiff is acting pro se, without the representation of an attorney. This decision is made voluntarily and with the understanding of the responsibilities and challenges involved in self-representation. The Plaintiff asserts their right to present their case and will adhere to all legal procedures and requirements of this court as required under the law.

VIII. RIGHTS RESERVED

The Plaintiff reserves the right to pursue additional legal action against Plaintiff related to potential rights violations against Defendant associated with this matter. This action is brought in direct relation to wages and interest owed under Washington State law and makes no other claims at this time.